Robinson, J.
 

 This is an action in mandamus and was instituted in the Court of Appeals of Cuyahoga County to command the defendant in error, as director of finance of the city of Cleveland Heights,
 
 *524
 
 to offer a certain issue of bonds to the Industrial Commission of Ohio ‘ ‘ at par and accrued interest. ’ ’
 

 An answer was filed admitting that Section 1465-58, General Code, made it the duty of the city of Cleveland Heights, through its proper officer, to offer the bonds in question to the Industrial Commission of Ohio at par and accrued interest, and ,averring that the bonds in question are worth more than par and accrued interest at present market prices, and that Section 1465-58 is unconstitutional and void in so far as it purports to require municipalities to offer their bonds to the Industrial Commission of Ohio at less than their real value.
 

 A general demurrer to the answer was filed, which was overruled. However, the' court refused to issue the writ, holding that Section 1465-58 did not require defendant to offer the bonds to the Industrial Commission of Ohio at par and accrued interest.
 

 Error is prosecuted here, it being the contention of the plaintiff in error, and of the office of the attorney general,
 
 amicus curiae
 
 on behalf of the Industrial Commission, that Section 1465-58, General Code (109 O. L. 5'25), requires municipalities before advertising a bond issue for sale to first offer the same to the Industrial Commission of Ohio at par and accrued interest. That section reads: ■
 

 “The State Industrial Commission shall have the power to invest any of the surplus or reserve belonging to the state insurance fund in bonds of the United States, the state of Ohio, or of any county, city, village, or school district, or any conservancy district of the state of Ohio, at current market
 
 *525
 
 -prices for such bonds; provided that sncb purchase be authorized by a resolution adopted by the Industrial Commission and approved by the Governor; and it shall be the duty of the boards or officers of the several taxing districts of the state in the issuance and sale of bonds of their respective taxing districts, to offer in writing to the State Industrial Commission, prior to advertising the same for sale, all such issues as may not have been taken by the trustees of the sinking fund of the taxing district so issuing such bonds; and said Industrial Commission shall, within ten days after the receipt of such written offer either accept the same and purchase such bonds or any portion thereof at par and accrued interest, or reject such offer in writing; and all such bonds so purchased forthwith shall be placed in the hands of the treasurer of state, who is hereby designated as custodian thereof, and it shall be his duty to collect the interest thereon as the same becomes due and payable, and also the principal thereof, and to pay the same, when so collected, into the state insurance fund. The treasurer of state shall honor and pay all vouchers drawn on the state insurance fund for the payment of such bonds when signed by any two members of the State Industrial Commission, upon delivery of said bonds to him when there is attached to such voucher a certified copy of such resolution of the State Industrial Commission authorizing the purchase of such bonds; and the State Industrial Commission may sell any of said bond [bonds] upon like resolution, and the proceeds thereof shall be paid' by the purchaser
 
 *526
 
 to the treasurer of state upon delivery to him of said bonds by the treasurer.”
 

 It will be observed that the section first empowers the Industrial Commission to invest its surplus or reserve in bonds of cities at current market prices, but limits such power to purchases which have been authorized by a resolution adopted by the Commission and approved by the Governor. The section next takes up the duty of the boards or officers of the several taxing districts in the issuance and sale of bonds, and requires them to offer in writing such bonds to the Commission prior to advertising the same for sale; the section then again takes up the powers and duties of the Industrial Commission, and provides that within 10 days after the receipt of such offer it must either accept and purchase the bonds, or a portion thereof, at par and accrued interest, or reject them.
 

 It was the view of the Court of Appeals that the section required the municipality through its financial officer to offer its bonds in writing to the Commission and limited the Commission's power to accept and purchase bonds to the fixed price of par and accrued interest, except where, by resolution of the Commission and approval of the Governor, the purchase was authorized at current market prices, that, while limiting the power of the Commission to purchase at a price in excess of par and accrued interest, and requiring the municipality to first offer the bonds to the Commission, it did not require the municipality to make the offer at par and accrued interest, and it must be conceded that the language of the section, literally construed, piecemeal, is cap
 
 *527
 
 able of snob interpretation. However, courts will not assume that the Legislature intended to mandatorily require municipalities and other taxing districts to do a vain and purposeless thing as a prerequisite to their right to issue and sell their regularly authorized bonds; for an offer of bonds by a municipality or other taxing district to the Industrial Commission at a price in excess of par and accrued interest would give the Industrial ■Commission no opportunity to purchase such bonds, to accomplish which it would still be relegated to the open market after it had been authorized by its own resolution and the approval of the Governor.
 

 Having in the same section provided that before bonds of municipalities and other taxing districts can be offered to the public they must first be /offered to the Industrial Commission, and that the Industrial Commission may accept or reject the same at par and accrued interest, it is most apparent that the Legislature was attempting to make the duty imposed on the taxing district commensurate with the power imposed in the Commission and to require the offer to be made at the price at which it authorized acceptance.
 

 While it is the duty of a court to give such reasonable construction to a statute as will render the statute in conformity and not in conflict with constitutional provisions, if the statute will bear such construction, yet that duty does not require the court to exceed the bounds of reason or to attribute to the Legislature a total absence thereof.
 

 We therefore are forced to the conclusion that when the Legislature required the municipalities and other taxing districts to offer their bonds to
 
 *528
 
 the Industrial Commission prior to offering them for sale to the general public, and at the same time and in the same section authorized and empowered the Industrial Commission to accept them only at par and accrued interest, it was its purpose and intention to require them to. be offered at par and accrued interest.
 

 This, then, brings us to the consideration of the power of the Legislature to require a municipality, or other taxing district, to offer its bonds to the Industrial Commission for any less sum than actual value.
 

 Section 3932, General Code, provides:
 

 “Premiums and accrued interest received by the corporation from a sale of its bonds shall be transferred to the trustees of the sinking fund to be by them applied on the bonded debt and interest account of the corporation, but the premiums and accrued interest upon bonds issued for special assessments shall be applied by the trustees of the sinking fund to the payment of the principal and interest of those bonds and no others.”
 

 The premium belongs to the taxing district or the special assessment fund.
 

 Section 35, Article II, of the Constitution of Ohio, provides:
 

 “For the purpose of providing compensation to workmen and their dependents, for death, injury or occupational disease, occasioned in the course of such workmen’s employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state. * * *”
 

 In pursuance to that provision, Section 1465-58
 
 *529
 
 and other legislation pertaining to the Industrial Commission and the workmen’s compensation fund were enacted by the Legislature. Bonds of municipalities and other taxing districts authorized to be purchased by Section 1465-58 are purchased as an investment in behalf of the' state insurance fund, which Section 35, Art. II, of the Constitution, authorized “to be created by compulsory contribution thereto by employers,” the validity of which is wholly dependent upon the power conferred by that section of the Constitution. The taking of the premium, the excess between par and accrued interest and market value, amounts to taking such premium from the sinking fund of the taxing district and applying it to the fund required “to be created by compulsory contribution thereto by employers,” and is in excess of the authority conferred by Section 35, Art. II, of the Constitution. Since the fund for the payment of such bonds in excess of the premium received upon the sale is raised by taxation of the particular taxing district, and the amount to be so raised is decreased by the amount of the premium, the attempted authorization of the Commission to purchase without the payment of a premium amounts to a taxation of that particular district in excess of the taxation of any other district within the state in an amount equal to such premium, and violates the uniform rule provided in Section 2, Art. XII, of the Constitution, and, since the Industrial Commission is invested with an option to accept or reject any or all bonds so offered, and since conceivably certain municipalities, or other taxing districts, may never find it necessary to issue and sell bonds, it
 
 *530
 
 enables tbe Industrial Commission to exact a contribution equal to the premium obtainable upon such bonds from such taxing districts as are obliged or find it convenient to issue bonds, or from such of them whose bonds the Commission in the exercise of its option accepts, which is not exacted from municipalities and other taxing districts that offer no bonds, or whose bonds are not accepted, and to concede that the Legislature has the power to raise any portion of the workmen’s compensation fund by taxation, beyond contribution as an employer, would be in violation of the provision of Section 26, Art. II, of the Constitution of Ohio, that “All laws, of a general nature, shall have a uniform operation throughout the state.”
 

 We therefore hold that in the enactment of Section 1465-58, General .Code, the Legislature attempted to require municipalities and other taxing districts to offer their bonds to the Industrial Commission of Ohio at par and accrued interest'before offering them to the general public; that a compliance therewith enables the Industrial Commission to deprive municipalities and other taxing districts of premiums which are usually received on the sale of bonds, which premiums lawfully belong to the municipality, or other taxing district, by which deprivation the taxes of the district are necessarily increased in an amount equal to such premiums; that the Legislature is without power to authorize the raising of any part of the workmen’s compensation fund by any other process than by compulsory contributions by employers; that its power to require municipalities
 
 *531
 
 and other taxing districts to contribute to such fund is limited to the obligation of such municipalities and other taxing districts as employers; and that that portion of Section 1465-58, General Code, which requires municipalities and other taxing districts to first offer their bonds to the Industrial Commission at 'anything less than their market value, is unconstitutional and void.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day and Allen, JJ., concur.
 

 Wanamaker, J., not participating.